UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

CHASE POTTER, INDIVIDUALLY )
AND ON BEHALF OF THE ESTATE OF )
CHRISTOPHER POTTER, )
 )
      Plaintiff, )
 ) CIVIL ACTION NO.
VS. )
 ) 3:19-CV-1330-G
MICHAEL CABELLO AND FEDEX )
FREIGHT, INC., )
 )
      Defendants. )

## MEMORANDUM OPINION AND ORDER

Before the court is the motion of the plaintiff, Chase Potter ("Chase" or "the plaintiff"), to remand this case to the state court from which it was removed. Plaintiff's Motion to Remand (docket entry 11). For the reasons set forth below, the plaintiff's motion is granted.

### I. BACKGROUND

This action arises from the death of the plaintiff's father, Christopher Potter ("Christopher" or "the decedent"), during the course of Christopher's employment with the defendant FedEx Freight, Inc. ("FedEx"). Christopher was hit and fatally injured by a trailer that was driven by the defendant Michael Cabello ("Cabello"), while in the course and scope of Christopher's and Cabello's employment at FedEx.

Notice of Removal ("Notice") (docket entry 1), Exhibit A ("Petition") at 1. The incident occurred on or around the evening of November 16, 2018 while Christopher and Cabello were working at the FedEx premises located at 3100 South Belt Line Rd., Irving, Texas. *Id.* Cabello reversed a yard mule[1] and connected trailer up to a loading dock in the FedEx loading facility while Christopher was standing behind the yard mule and trailer. *Id.* at 2-3. Christopher was crushed between the loading dock and the trailer and sustained fatal injuries as a result; he was taken to a hospital where he was pronounced dead. *Id.* at 3.

The plaintiff initially filed suit against FedEx in a Texas state court on February 25, 2019, asserting a claim of gross negligence for FedEx's role in the death of his father. Notice at 1-2. Cabello was not a party to this case. FedEx removed that case to the United States District Court for the Northern District of Texas on April 1, 2019. *Id.* at 2. On April 3, 2019, the plaintiff filed a notice of voluntary dismissal. *Id.*

The plaintiff then filed his original petition in the present case on May 8, 2019, in the 101st Judicial District Court of Dallas County, Texas. *Id.* In his petition, the plaintiff asserts several claims in his individual capacity and on behalf of the estate of Christopher Potter, including a claim for gross negligence against FedEx,

---

[1] A yard mule, also known as a terminal tractor, "is a semi-tractor intended to move semi trailers within a cargo yard." https://en.wikipedia.org/wiki/Terminal_tractor (last visited November 19, 2019).

and a claim for negligence and gross negligence against Cabello. Petition at 3-6. FedEx removed the case to this court on June 3, 2019. *See* Notice. Cabello did not join in the removal, and FedEx contends that Cabello was not required to do so because he was improperly joined. *Id.* at 2. FedEx asserts that the plaintiff only joined Cabello as a defendant to destroy complete diversity between the parties, and that the court should therefore disregard Cabello's citizenship and exercise diversity jurisdiction over the case under 28 U.S.C. § 1332. *Id.* at 2-4. The plaintiff and Cabello are residents of Texas.[2] *Id.* at 3. FedEx is a corporation existing under the laws of the State of Arkansas with its principal place of business in Arkansas. *Id.*

The plaintiff filed the instant motion to remand on July 9, 2019, asserting that this court lacks subject matter jurisdiction over the case because the plaintiff and Cabello are both citizens of Texas. *See* Plaintiff's Brief in Support of Motion to Remand ("Motion") (docket entry 12). On July 22, 2019, FedEx filed a response, reiterating its argument that Cabello's citizenship should be disregarded because he was improperly joined. Defendant FedEx Freight's Brief in Support of its Response

---

[2] The court notes that FedEx's notice of removal refers to the plaintiff's and Cabello's "residency" statuses rather than their respective *citizenship* statuses. Notice at 3. The two concepts are distinct. As the Fifth Circuit has clarified, "[i]t is important to distinguish between citizenship and residency, because a 'citizen of one state may reside for a term of years in another state, of which he is not a citizen; for, citizenship is clearly not co-extensive with inhabitancy.'" *Simon v. Taylor*, 455 F. App'x 444, 446 n.2 (5th Cir. 2011) (quoting *Bingham v. Cabot*, 3 U.S. (3 Dall.) 382, 383 (1798)). Though the lack of briefing regarding the citizenship of the parties gives the court pause, the court will presume that Chase and Cabello are properly viewed as citizens of Texas, in light of the parties' apparent agreement on the matter.

to Plaintiff's Motion to Remand ("Response") (docket entry 14). The plaintiff filed a reply on August 5, 2019. Plaintiff's Brief in Support of His Reply to Defendants Response to Plaintiff's Motion to Remand (docket entry 15-1). The plaintiff's motion is therefore fully briefed and ripe for decision.

## II. ANALYSIS

### A. Removal Jurisdiction

28 U.S.C. § 1441(a) permits the removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). The statute allows a defendant to "remove a state court action to federal court only if the action could have originally been filed in federal court." *Anderson v. American Airlines, Inc.*, 2 F.3d 590, 593 (5th Cir. 1993). However, the removal statute must be strictly construed because "removal jurisdiction raises significant federalism concerns." *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008) (citation omitted). Accordingly, "any doubt as to the propriety of removal should be resolved in favor of remand." *Id.* (citation and internal quotations omitted). The party seeking removal bears the burden of establishing federal jurisdiction. *Willy v. Coastal Corporation*, 855 F.2d 1160, 1164 (5th Cir. 1988).

There are two principal bases upon which a district court may exercise removal jurisdiction: the existence of a federal question, *see* 28 U.S.C. § 1331, and complete

diversity of citizenship among the parties, *see* 28 U.S.C. § 1332. Here, federal question jurisdiction is not at issue. Rather, FedEx asserts that the court may properly exercise diversity jurisdiction over this case. *See* Notice at 2-3. A federal court can properly exercise jurisdiction on the basis of diversity of citizenship only if three requirements are met: (1) the parties are of completely diverse citizenship, *see* 28 U.S.C. § 1332(a); (2) none of the properly joined defendants is a citizen of the state in which the case was brought, *see* 28 U.S.C. § 1441(b); and (3) the case involves an amount in controversy of more than $75,000, *see* 28 U.S.C. § 1332(a). In this case, there does not appear to be complete diversity between the parties because the plaintiff and Cabello appear to be citizens of Texas. *See* Notice at 3. FedEx, however, contends that removal is proper because the plaintiff improperly joined Cabello. *Id.* Thus, before determining whether the exercise of removal jurisdiction based on diversity of citizenship would be proper in this case, the court must first determine whether Cabello was properly joined as a party. See *Myers v. Allstate Texas Lloyd's*, No. 1:10-CV-172, 2011 WL 846083, at *5 (E.D. Tex. Mar. 8, 2011) (citation omitted)("Citizenship of an improperly joined party is totally disregarded in determining the court's subject matter jurisdiction.").

### B. Joinder of Parties

Even if a defendant has the same citizenship as the plaintiff, a federal court can still exercise removal jurisdiction over an action if the court finds that the

plaintiff improperly joined the nondiverse defendant. See *McDonal v. Abbot Laboratories*, 408 F.3d 177, 183 (5th Cir. 2005). "The party seeking removal bears [the] heavy burden of proving that the joinder of the in-state party was improper." *Smallwood v. Illinois Central Railroad Company*, 385 F.3d 568, 574 (5th Cir. 2004) (*en banc*), *cert. denied*, 544 U.S. 992 (2005). This burden requires the trial court to "resolve any contested issues of material fact, and any ambiguity or uncertainty in the controlling state law, in the [plaintiff's] favor." *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999).

To establish improper joinder, a defendant must demonstrate either "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood*, 385 F.3d at 573 (quoting *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003)). This latter method, the only one at issue in the present case, requires the defendants to establish that "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.* "Most often, the improper joinder determination must focus on whether the [p]laintiff[']s] alleged facts raise an inference that a recovery is possible[.]" *McGinnis v. Interoceanica Agency, Inc.*, No. CA G-11-214, 2011 WL 13340805, at *1 (S.D. Tex. Aug. 8, 2011). In this case, however, there exists a legitimate dispute between the parties as to whether the plaintiff's claim against Cabello is recognized by Texas law. Accordingly, the court

must make a threshold inquiry as to "whether the [p]laintiff['s] alleged cause of action. . . is even cognizable under Texas law." *See id.*

C. <u>Whether the Plaintiff's Claim against Cabello is Cognizable under Texas Law</u>

FedEx argues that the plaintiff's claim against Cabello is deficient as a matter of law under the Texas Workers' Compensation Act ("TWCA", or "the Act"), which, in FedEx's view, prevents the survivor of a deceased employee from bringing a claim against the decedent's co-employee whose gross negligence caused the decedent's death. *See* Response at 7-8. The plaintiff maintains that his claim is not barred by the TWCA, and cites several cases from the Texas court of appeals in support of his argument. *See* Motion at 4. Thus, the issue before the court is whether Chase's claim against Cabello, the decedent's co-employee, is barred by the TWCA.

> In applying Texas law, [federal courts] look first to the decisions of the Texas Supreme Court. If the Texas Supreme Court has not ruled on an issue, [the federal court] make[s] an *Erie* guess, predicting what the Texas Supreme Court would do if faced with the same facts. In doing so, [federal courts] typically treat state intermediate courts' decisions as the strongest indicator of what a state supreme court would do, absent a compelling reason to believe that the state supreme court would reject the lower courts' reasoning.

*Ironshore Europe DAC v. Schiff Hardin, L.L.P.*, 912 F.3d 759, 764 (5th Cir. 2019) (internal citations, quotations, and brackets omitted). The parties do not cite, and the court is not aware of, any case in which the Texas Supreme Court has addressed the specific issue presented here. Accordingly, the court must make an *Erie* guess to

determine whether it is likely that the Texas Supreme Court would find the plaintiff's claim cognizable under Texas law.

Under section 408.001(a) of the TWCA, "[r]ecovery of workers' compensation benefits is the exclusive remedy of an employee covered by workers' compensation insurance coverage or a legal beneficiary against the employer or an agent or employee of the employer for the death of or a work-related injury sustained by the employee." Tex. Lab. Code § 408.001(a). The plaintiff does not dispute that Christopher Potter was covered by workers' compensation insurance while employed at FedEx. Rather, the plaintiff relies on the statutory exception to section 408.001(a)'s "exclusive remedy" provision. Section 408.001(b) states: "This section does not prohibit the recovery of exemplary damages by the surviving spouse or heirs of the body of a deceased employee whose death was caused by an intentional act or omission of the employer or by the employer's gross negligence." Tex. Lab. Code § 408.001(b).

FedEx, relying solely on the text of the TWCA, asserts that section 408.001(b) applies only to employers, not to a decedent's co-employees, and thus, the plaintiff's claim against Cabello does not fall within section 408.001(b)'s exception to the exclusive remedy provision. Response at 7-8. However, consideration of several decisions by the Texas court of appeals persuades this court to conclude that the plaintiff's gross negligence claim against Cabello is likely cognizable under Texas law.

See *Ironshore*, 912 F.3d at 764 (quoting *Kelly v. Nichamoff*, 868 F.3d 371, 375 (5th Cir. 2017)) ("'[W]e typically treat state intermediate courts' decisions as the strongest indicator of what a state supreme court would do, absent a compelling reason to believe that the state supreme court would reject the lower courts' reasoning.'").

This court is aware of only one Texas court of appeals case in which the court considered the precise issue presented in the present case: whether the "spouse or heirs of the body" of a deceased employee who was covered by workers' compensation insurance may assert a claim for gross negligence against the decedent's co-employee whose alleged gross negligence caused the decedent's death. See *Aguirre v. Vasquez*, 225 S.W.3d 744 (Tex. App.-Houston [14th Dist.] 2007, no writ). There, the court found such a claim cognizable under Texas law.

In *Aguirre*, the wife and children of a deceased employee ("Jose") asserted a claim of gross negligence against the estate of the decedent's co-employee ("Ernesto") and Jose and Ernesto's mutual employer, Systems Painters, Inc. 225 S.W.3d at 754. Ernesto was the driver of a truck in which Jose and several other Systems Painters employees had been riding in the course and scope of their employment when Ernesto stopped the truck on the left lane of a highway where it was hit by a semi-trailer, resulting in Jose's death. *Id.* at 749-50, 55. "Ernesto's estate filed a motion for summary judgment, contending the exclusive remedy provision of the Workers'

Compensation Act" barred the claims of Jose's family members. *Id.* at 750. The trial court granted Ernesto's estate's motion for summary judgment on Jose's family's claim for gross negligence, *id.*, and Jose's family members appealed. The only appellee in the case was Ernesto's estate. *See id.* at 745.

Upon consideration of the exclusive remedy provision of the TWCA, the *Aguirre* court found Jose's family's gross negligence claim cognizable under Texas law. The court's consideration of section 408.001(b)'s impact on Jose's family's claim against Ernesto's estate comprises two sentences:

> The [TWCA] does not prohibit recovery of exemplary damages by the surviving spouse or heirs of the body of a deceased employee whose death was caused by an intentional act or omission of the employer or by the employer's gross negligence. Tex. Labor Code § 408.001(b) . . . . Therefore, the gross negligence claim for exemplary damages filed by Jose's family members survives the exclusivity provision of the Act.

*Aguirre*, 225 S.W.3d at 753-54. Given the factual similarity between the present case and *Aguirre*, the court finds the *Aguirre* court's interpretation of section 408.001(b) a strong indicator of "what the Texas Supreme Court would do if faced with the same facts." See *Ironshore*, 912 F.3d at 764. The plaintiff is indisputably an "heir of the body" of his father, the decedent. Just as the *Aguirre* court found Jose's wife and children's claim for gross negligence against Ernesto's estate cognizable, Texas courts would likely find the plaintiff's claim cognizable here.

The court is further persuaded that the plaintiff's claim is likely cognizable by a line of Texas court of appeals cases in which the court treated a co-employee's immunity under the TWCA as derivative of the employer's immunity. In *Boult v. Smith*, the court held that "under the 'exclusive remedy' rule, an employer's immunity from liability for negligence or gross negligence *extends* to co-employees; thus, co-employees are exempt from negligence actions." No. 03-02-00303-CV, 2004 WL 2357881, at *4 (Tex. App.-Austin Oct. 21, 2004) (citing Tex. Lab. Code § 408.001) (emphasis added). Similarly, in *Berkel & Company Contractors, Inc. v. Lee,* the court found that "[u]nder the plain text of [section 408.001(a)], the employer's immunity extends to his servants[.]" 543 S.W.3d 288, 295 (Tex. App.-Houston [14th Dist.] 2018), *reh'g granted in part* (Jan. 23, 2018), *review denied* (Aug. 30, 2019); see also *Burkett v. Welborn*, 42 S.W.3d 282, 287 (Tex. App.-Texarkana 2001) (finding that under section 408.001, "[t]he immunity of the employer extends to co-employees."). These cases evince an interpretation of the "exclusive remedy" rule under which a co-employees's immunity under the TWCA is an extension of and dependent upon the employer's immunity. It therefore stands to reason that in a case where the employer is stripped of the immunity provided by section 408.001(a) due to the employer's gross negligence, the decedent's grossly negligent co-employee is stripped of immunity as well.

Though FedEx's textual argument is not without merit, the court does not write on a blank slate and is not at liberty to disregard the Texas court of appeals's interpretation of section 408.001. When a federal court renders an *Erie* guess regarding a state statute that intermediate state courts have construed in a particular way, considerations of comity with the state judiciary instruct federal courts to defer to the sound judgment of intermediate state courts "absent a compelling reason to believe that the state supreme court would reject the lower courts' reasoning." See *Ironshore*, 912 F.3d at 764; see also *International Corrugated & Packing Supplies, Inc. v. Lear Corp.*, 771 F. App'x 545, 547 (5th Cir. 2019) (quoting *Rhynes v. Branick Manufacturing Corp.*, 629 F.2d 409, 410 (5th Cir. Unit A 1980)) (cautioning that federal courts "should perhaps—being out of the mainstream of Texas jurisprudential development—be more chary of" making extrapolations and predictions regarding questions of state law "than should an inferior state tribunal."). Here, the court finds no compelling reason to depart from the holding in *Aguirre* and the interpretation of co-employee immunity under the TWCA espoused in *Boult*, *Berkel*, and *Burkett*. Furthermore, the Fifth Circuit has instructed that "any doubt as to the propriety of removal should be resolved in favor of remand." *Gutierrez*, 543 F.3d at 251(citation and internal quotations omitted). Accordingly, the court concludes that the plaintiff's claim for gross negligence against Cabello is likely cognizable under Texas law.

D.  Whether the Plaintiff has Sufficiently Pled His Claim against Cabello

Having concluded that the plaintiff's claim for gross negligence against Cabello is likely cognizable under Texas law, the court next considers whether the plaintiff has sufficiently pled his claim.

As set forth above, a defendant may establish improper joinder by showing the plaintiff's "inability . . . to establish a cause of action against the non-diverse party in state court." *Smallwood*, 385 F.3d at 573.  To do so, the defendant must demonstrate that "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.*  To determine if the defendant has made this showing, a court generally conducts "a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Id.*  In conducting this "Rule 12(b)(6)-type analysis," the court applies the federal pleading standard. *International Energy Ventures Management., L.L.C. v. United Energy Group, Ltd.*, 818 F.3d 193, 207-08 (5th Cir. 2016).

"To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 570 (2007)), *cert denied*, 552 U.S. 1182 (2008).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need

detailed factual allegations, [the] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations, quotation marks, and brackets omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *In re Katrina Canal*, 495 F.3d at 205 (quoting *Twombly*, 550 U.S. at 555) (internal quotation marks omitted). "The court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Id.* (quoting *Martin K. Eby Construction Company, Inc. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) ) (internal quotation marks omitted).

The Supreme Court has prescribed a "two-pronged approach" to determine whether a complaint fails to state a claim under Rule 12(b)(6). See *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). The court must "begin by identifying the pleadings that, because they are no more than legal conclusions, are not entitled to the presumption of truth." *Id.* at 679. The court should then assume the veracity of any well-pleaded allegations and "determine whether they plausibly give rise to an entitlement to relief." *Id.* The plausibility principle does not convert the Rule 8(a)(2) notice pleading standard to a "probability requirement," but "a sheer possibility that a defendant has acted unlawfully" will not defeat a motion to dismiss.

*Id.* at 678.  The plaintiffs must therefore "plead [ ] factual content that allows the court to draw the reasonable inference that the defendant[ ] [is] liable for the misconduct alleged." *Id.* (bracket omitted).  "[W]here the well pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but has not 'show[n]'—'that the pleader[s] [are] entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)) (alteration in original).  The court, drawing on its judicial experience and common sense, must undertake the "context-specific task" of determining whether the plaintiff's allegations "nudge" his claims against the defendant "across the line from conceivable to plausible." *See id.* at 679, 683.

"To state a claim for gross negligence, [a] [p]laintiff must show (1) the breach of a duty involving an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and (2) that the actor was actually aware of the risk involved, but nevertheless proceeded in conscious indifference to the rights, safety, or welfare of others." *Cooper v. Bank of New York Mellon*, No. 3:13-CV-1985-N-BK, 2014 WL 349577, at *5 (N.D. Tex. Jan. 31, 2014) (Godbey, J.) (citing *General Motors Corp. v. Sanchez*, 997 S.W.2d 584, 595 (Tex. 1999)).

Here, the plaintiff alleges that Cabello breached the duty of care that he owed to the decedent by, *inter alia*, "[f]ailing to ensure that no person, including [the] [d]ecedent, was between the yard mule and/or the trailer and the loading dock as [Cabello] was reversing the yard mule and trailer", and "[f]ailing to ensure that the

back-up/reverse alarm on the yard mule and/or trailer was in good repair and properly functioning[.]" Petition at 5. The plaintiff also alleges that Cabello "had actual, subjective awareness of" the "extreme degree of risk" that his actions posed to others, "but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of [Christopher] Potter and all others who were in the area at the time of the incident." *Id.* at 6. Taking these allegations as true, as the court must when conducting a 12(b)(6) analysis, the court concludes that the plaintiff has stated a claim "on which relief *may* be granted." See *International Energy Ventures*, 818 F.3d at 202. The allegation that Cabello failed to ensure that there was no one behind him before reversing a trailer up to a loading dock gives rise to a plausible inference that Cabello was actually aware of the extreme risk that his actions posed to his co-employees who were in the area on the night of Christopher's death, but nevertheless proceeded with conscious indifference to his co-employees' safety. See *Fugett v. DCP Midstream, L.P.*, No. 2:14-CV-00111-J, 2015 WL 510965, at *5 (N.D. Tex. Feb. 6, 2015) (Robinson, J.) (finding the plaintiffs stated a claim for gross negligence based on similar allegations). Accordingly, the court concludes that the plaintiff has stated a claim against Cabello upon which relief may be granted.

In summary, the court concludes that the plaintiff's claim against Cabello is likely cognizable under Texas law, that the plaintiff has stated a claim against Cabello on which relief may be granted, and therefore, that Cabello was properly joined in

this action.  Because Cabello was properly joined as a defendant, the court concludes that complete diversity does not exist between the parties, as it is undisputed that the plaintiff and Cabello are both citizens of Texas.  Thus, the court is without subject matter jurisdiction and must therefore remand the case to the state court from which it was removed.[3]

III.  CONCLUSION

In accordance with the foregoing, the plaintiff's motion to remand this action to the state court from which it was removed is **GRANTED**.  This action is hereby **REMANDED** to the **101st Judicial District Court of Dallas County, Texas**.  The clerk shall mail a certified copy of this memorandum opinion and order to the district clerk of Dallas County, Texas.  28 U.S.C. § 1447(c).

**SO ORDERED**.

November 19, 2019.

_____
**A. JOE FISH**
**Senior United States District Judge**

---

[3]  The court also lacks subject matter jurisdiction over this case due to the fact that Cabello is a citizen of Texas and this suit was originally filed in Texas state court.  *See* 28 U.S.C. § 1441(b)(2) ("A civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which the action is brought.").